## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDDIE L. COURTNEY, JR. and )
KREILKAMP TRUCKING, INC., )
                         )
             Plaintiffs, )
                         )   CIVIL NO. 3:13-227
          v. )
                         )   JUDGE KIM R. GIBSON
YURIY IVANOV, *et al.*, )
                         )
         Defendants. )

## MEMORANDUM OPINION

## I.    INTRODUCTION

This matter is before the Court on four related motions, all filed jointly by Defendants Prompt Logistics (Canada) and Prompt Logistics (USA) (collectively, "Prompt Logistics"): (1) a motion for extension of time to file an answer (ECF No. 28); (2) a motion to set aside default as to Prompt Logistics (USA) (ECF No. 30); (3) a motion to set aside default as to Prompt Logistics (Canada) (ECF No. 34); and (4) a motion for leave to file a reply (ECF No. 46). Plaintiffs oppose all four motions. (*See* ECF Nos. 45, 47). For the reasons that follow, the Court will **GRANT** both motions to set aside default, **GRANT** the motion for extension of time to file an answer, and **DENY** the motion for leave to file a reply.

## II.    JURISDICTION

The Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Venue is proper under 28 U.S.C. § 1391(b)(2).

## III.    BACKGROUND

This case arises from personal injuries and property damage sustained when a tractor-trailer, driven by Plaintiff Eddie L. Courtney, Jr., collided with a tractor-trailer driven by Defendant Yuriy Ivanov.  Plaintiffs allege the following facts in their complaint.

The Defendants in this case, including Prompt Logistics, operated under certain contracts and agreements to transport and deliver cargo.  (ECF No. 1 ¶¶ 17-19).  On August 2, 2012, Defendant Ivanov was driving a tractor-trailer on Interstate 80.  (*Id.* ¶ 22). Defendant Ivanov stopped the tractor-trailer in the West-bound, right-hand lane of Interstate 80 without warning and without activating any kind of signal device or light. (*Id.* ¶¶ 24-25).  Plaintiff Courtney, who was also driving his tractor-trailer in the West-bound, right-hand lane of Interstate 80, collided with the rear of Defendant Ivanov's tractor-trailer.  (*Id.* ¶¶ 21, 26).  As a result of the accident, Plaintiff Courtney sustained personal injuries and his tractor-trailer, owned by Plaintiff Kreilkamp Trucking Inc., sustained property damage.  (*Id.* ¶¶ 31-39).

Plaintiffs filed an eleven-count complaint (ECF No. 1) against Defendants on September 27, 2013.  The complaint asserts the following claims against the Prompt Logistics Defendants:   negligent hiring (Count V); negligent entrustment (Count VI); negligence/restatement (Second) of Torts, § 428 (Count VII); joint venture liability (Count VIII); vicarious liability/respondeat superior (Count IX); and damages caused by violations of Motor Carrier Act/federal motor carrier safety rules (Count X).

On December 30, 2013, the Clerk of Court issued a summons to both Prompt Logistics Defendants.  (ECF No. 15).  Service was perfected as to Prompt Logistics (USA)

on January 9, 2014 (*see* ECF No. 22), and as to Prompt Logistics (Canada) on January 15, 2014 (*see* ECF No. 27).  On February 17, 2014, Plaintiffs filed a request for entry of Default against Prompt Logistics (USA) (ECF No. 23) and a request for entry of Default against Prompt Logistics (Canada) (ECF No. 24).  The Clerk entered default as to Prompt Logistics (USA) on February 18, 2014, (ECF No. 26), and as to Prompt Logistics (Canada) on February 21, 2014 (ECF No. 33).

On February 20, 2014, Prompt Logistics filed a motion for extension of time to file an answer or otherwise plead (ECF No. 28).  Prompt Logistics also filed a motion to set aside default as to Prompt Logistics (USA) on February 20, 2014, (ECF No. 30), and a motion to set aside default as to Prompt Logistics (Canada) on February 24, 2014 (ECF No. 34).  Prompt Logistics filed briefs in support of each motion (ECF Nos. 29, 31, 35).  On March 13, 2014, Plaintiffs filed a brief in opposition to the motions (ECF Nos. 45), after which Prompt Logistics filed a motion for leave to file a reply (ECF No. 46), which Plaintiffs oppose (ECF No. 47).  These motions are now ripe for adjudication.

## IV.     STANDARD OF REVIEW

Under Rule 55(c), a court may set aside an entry of default for good cause.  Fed. R. Civ. P. 55(c).  The Third Circuit has identified four factors a district court must consider when deciding whether to set aside a default:  (1) whether setting aside the default would prejudice the plaintiff; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct; and (4) whether lesser sanctions would better serve the interests of justice.  *World Entm't Inc. v. Brown*, 487 F.

App'x 758, 761 (3d Cir. 2012); *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

The decision to set aside an entry of default is within the discretion of the district court. *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). Generally, the entry of default is disfavored because it prevents the claims from being decided on the merits. *Scholz Design, Inc. v. Costa*, No. 2:10-cv-1640, 2011 WL 635277, at *2 (W.D. Pa. Feb. 11, 2011) (citations omitted). Likewise, the Third Circuit has instructed that courts must liberally construe a motion to set aside an entry of default with an eye toward resolving litigation on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976).

## V.    DISCUSSION

### A.  Prompt Logistics' motions to set aside default

Prompt Logistics assert that good cause exists to set aside the entry of defaults because Defendants "were trying to assess whether Plaintiffs had properly identified the 'Prompt Logistics' entities in the Complaint, which in turn prolonged the filing of a timely responsive pleading to the Complaint." (ECF No. 30 ¶ 18). The Court will separately evaluate the factors under the applicable test, as set forth above.

#### 1.      Meritorious Defense

The threshold inquiry in deciding whether to open a default is whether the defendant has asserted a meritorious defense. *Hritz*, 732 F.2d at 1181. A defaulting party

does not need to prove that it will win at trial, but must only show that it has a defense, which at least has merit on its face. *Scholz Design*, 2011 WL 635277, *5.

In their motions to set aside the defaults, Prompt Logistics assert: "[T]he Movants will present a meritorious defense to the allegations asserted in the Complaint." (ECF No. 30, ¶ 19; ECF No. 34 ¶ 18). In their briefs, Prompt Logistics contend that they are not proper defendants to this action and assert that the reason for the delay in responding to the complaint was Prompt Logistics' attempt to determine whether they were proper parties to the action. Accordingly, the Court will construe this assertion as a defense.

This defense—while only marginally supported by Prompt Logistics—is sufficiently meritorious on its face. The correspondence between Prompt Logistics and the Plaintiffs prior to the filing of Plaintiffs' complaint verifies Prompt Logistics' assertion of this defense and demonstrates good cause to set aside the defaults. Specifically, on January 8, 2013, Dora Freedman, the Office Manager for Prompt Logistics (Canada), sent a letter to Plaintiffs' counsel advising that

> Prompt Logistics has no involvement in this incident as this was not our vehicle or load. Kindly address any issues and correspondence regading [sic] Kreilkamp Trucking, Inc/Eddie Courtney, Jr. & Freightlion Logistics LLC directly with Freightlion Logistics. Freightlion Logistics has contacted their insurance company who is handling this matter.

(*See* ECF No. 45-3 at 2). Thus, while Prompt Logistics have only minimally asserted a defense, their assertion that they believe they are not proper defendants is, on its face, a meritorious defense, which the Court finds weighs in favor of setting aside the defaults.

Plaintiffs argue that Prompt Logistics have not asserted a meritorious defense. Even if the Court were to accept this argument, this Court has previously noted that "[i]n

cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Conference Archives, Inc. v. Sound Images, Inc.*, No. 3:06-cv-76, 2007 WL 870116 (W.D. Pa. Mar. 20, 2007) (quoting *Mike Rosen & Assocs., P.C. v. Omega Builders*, 940 F.Supp. 115, 121 (E.D. Pa. 1996)).

### 2.    Prejudice

Plaintiffs argue that they will suffer prejudice if the Court sets aside the entry of default. "Prejudice arises where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue the claim." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citing *Emcasco*, 834 F.2d at 74).

According to Plaintiffs, Prompt Logistics' dilatory actions have significantly delayed this case from moving forward. Plaintiffs explain that, if the Court were to set aside the default and grant Prompt Logistics leave to file a response, then Plaintiffs might lose the opportunity to litigate all of its claims under the applicable statute of limitations. Plaintiffs explain in their brief that the applicable statute of limitations will expire on August 2, 2014. (ECF No. 45 at 16).

Despite Plaintiffs' argument that the applicable statute of limitations deadline is fast approaching, Plaintiffs have failed to identify any actual prejudice that will result because of Prompt Logistics' dilatory conduct if the Court sets aside the entries of default. Instead, Plaintiffs have only identified the possibility of prejudice at some future time. As

will be discussed below, other measures less drastic than default are available to ensure that Plaintiffs do not suffer the alleged prejudice. Thus, this factor weighs in favor of setting aside the defaults.

### 3. Culpable Conduct

The next factor requires the Court to consider whether Defendants' failure to timely answer was culpable. *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983). "For the purposes of Rule 55, culpable conduct is dilatory behavior that is willful or in bad faith." *Scholz Design*, 2011 WL 635277, *5 (citations omitted); *see also Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995) ("To be 'culpable,' the conduct leading to the entry of default must have been willful, intentional, reckless or in bad faith. More than mere negligence is required.").

Plaintiffs assert that Prompt Logistics' dilatory conduct was culpable. Specifically, several months before the complaint was filed, Plaintiffs notified Prompt Logistics that Plaintiffs were contemplating litigation against them. Prompt Logistics responded, stating that they had nothing to do with the events underlying the litigation. Plaintiffs argue that this response shows that Prompt Logistics were on notice of the pending litigation, and that they had ample time to determine whether or not they were proper defendants. Plaintiffs also note that it was not until after Plaintiffs had moved for the entry of default that Prompt Logistics finally took action in this case.

Nevertheless, the Court finds that, while Prompt Logistics' explanation for their failure to timely answer may demonstrate negligence that had a dilatory result, it does not

demonstrate willful intent or bad faith. *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001). Prompt Logistics have provided a valid explanation for the delay, and that explanation is sufficient to convince the Court that they did not engage in any culpable conduct. Because there does not appear to be any willful intent or bad faith, this factor weighs in favor of setting aside the entry of default.

### 4. Other Available Sanctions

The Court must also consider whether sanctions other than default can adequately redress the Defendants' dilatory conduct. "The alternative sanctions factor is motivated by the court's recognition that default is a harsh sanction and that lesser sanctions may adequately deter bad conduct while allowing cases to be decided on their merits." *Nat'l Specialty Ins. Co. v. Papa*, No. 11-cv-2798, 2012 WL 868944, *6 (D.N.J. Mar. 14, 2012) (citing *Emcasco*, 834 F.2d at 73). Typically, monetary sanctions, such as the imposition of attorney's fees and costs, are imposed to serve as a "wake-up call." *See Conference Archives, Inc. v. Sound Images, Inc.*, No. 3:06-cv-76, 2007 WL 870116, *4 (W.D. Pa. Mar. 20, 2007); *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 285 (E.D. Pa. 2002).

Here, the Court will set aside the default and allow the claims against Prompt Logistics to proceed on the merits. The Court will not impose monetary sanctions because Prompt Logistics' dilatory conduct was not culpable and because Prompt Logistics moved to set aside the default almost immediately after the default was entered. Thus, monetary sanctions are not necessary. *See Jackson*, 211 F.R.D. at 285.; *Tecmarine Lines, Inc. v. CSX Intermodal, Inc.*, No. 01-cv-1658, 2001 WL 950155, *4 (E.D. Pa. Aug. 13, 2001).

However, to ensure that this case moves forward in a just and reasonable fashion and to minimize the possibility of prejudice to Plaintiffs, the Court will limit Prompt Logistics' opportunity to respond to the complaint. Specifically, Prompt Logistics must answer the complaint within ten (10) days of the filing of this memorandum and order, and the Court will not grant Prompt Logistics any additional extensions of time. Furthermore, if Prompt Logistics engage in other dilatory conduct causing further delay, they risk the imposition of more serious sanctions, such as monetary sanctions or a default judgment.

## 5. Conclusion

After careful consideration of the relevant factors, the Court finds that the entry of default against the Prompt Logistics Defendants should be set aside pursuant to Rule 55(c). In particular, the Court is mindful of the preference in the Third Circuit for resolving claims on the merits. Here, Prompt Logistics have demonstrated good cause for setting aside the default. Also important is that the default at issue was administratively entered by the clerk, requiring a liberal standard in favor of setting aside the entry of default. *Schartner v. Copeland*, 59 F.R.D. 653, 656 (M.D. Pa. 1973) *aff'd*, 487 F.2d 1395 (3d Cir. 1973) ("Where default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside the entry of default.").

Nevertheless, the Court does not condone Prompt Logistics failure to comply with the pleading deadlines, nor does the Court overlook the fact that Prompt Logistics' actions have delayed this case, potentially jeopardizing Plaintiffs' pursuit of certain claims.

Accordingly, the Court will lift the entries of default, but will limit the time in which Prompt Logistics' may respond to the complaint.

### B. Prompt Logistics' motion for extension of time to file answer

Prompt Logistics have moved for an extension of time to file their answer to Plaintiffs' complaint. (ECF No. 28). Because the Court grants Prompt Logistics' motions to set aside the defaults for the reasons explained above, the Court will also grant Prompt Logistics' motion for extension of time to file an answer, but will limit the time within which to respond.

### C. Prompt Logistics' motion for leave to file reply

On March 14, 2014, Prompt Logistics filed a motion for leave to file a reply brief (ECF No. 46), which Plaintiffs opposed (ECF No. 47). The Court will deny Prompt Logistics' motion as moot.

### VI. CONCLUSION

In sum, Prompt Logistics have asserted a facially meritorious defense, Plaintiffs have not sufficiently demonstrated any actual prejudice resulting from Prompt Logistics' delay, Prompt Logistics' conduct does not rise to the level of culpable conduct, and the delay can be adequately remedied by means other than the entry of default. While the Court does not condone Prompt Logistics' dilatory conduct, in the interests of justice and for the reasons explained above, this case should proceed on the merits. Accordingly, the Court will grant Prompt Logistics' motions to set aside the defaults and will grant Prompt

Logistics' motion for an extension of time to answer the complaint. An appropriate order

follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE L. COURTNEY, JR. and<br>KREILKAMP TRUCKING, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) CIVIL NO. 3:13-227 |
| v. | )<br>) JUDGE KIM R. GIBSON |
| YURIY IVANOV, et al., | )<br>) |
| Defendants. | ) |

### ORDER

AND NOW, this 19th day of May 2014, for the reasons set forth in the attached memorandum,

IT IS HEREBY ORDERED that Prompt Logistics' motions to set aside default as to Prompt Logistics (USA) (ECF No. 30) and Prompt Logistics (Canada) (ECF No. 34) are GRANTED and the entries of default are set aside pursuant to Fed. R. Civ. P. 55(c).

IT IS FURTHER ORDERED that Prompt Logistics' motion for extension of time to file an answer (ECF No. 28) is GRANTED. Both Prompt Logistics (USA) and Prompt Logistics (Canada) shall file an answer within ten (10) days of the date of this Order.

IT IS FINALLY ORDERED that Prompt Logistics' motion for leave to file a reply brief (ECF No. 46) is DENIED as moot.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE