IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE L. COURTNEY, JR. and ) <br> KREILKAMP TRUCKING, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YURIY IVANOV a/k/a YURLY IVANOV; ) <br> VICTOR MOTRYUK a/k/a VIKTOR ) <br> MOTRYUK a/k/a VICKTOR MOTRYUK; ) <br> FREIGHTLION LOGISTICS, LLC; ) <br> PROMPT LOGISTICS (USA); PROMPT ) <br> LOGISTICS (CANADA); and ) <br> INTERNATIONAL PURCHASE ) <br> SYSTEMS, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 3:13-227 <br> <br> JUDGE KIM R. GIBSON |

**MEMORANDUM OPINION**

**I.    Introduction**

This personal injury action arises from a traffic accident involving two tractor-trailers on Interstate 80.  Presently before the Court is a motion for partial dismissal (ECF No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Freightlion Logistics, LLC.  Specifically, Freightlion moves to dismiss (1) Count X of Plaintiffs' complaint for failing to state a cognizable cause of action, and (2) Plaintiffs' claims for punitive damages for failing to allege sufficient facts.  Freightlion's motion raises a question of first impression in this District:  Whether 49 U.S.C. § 14704(a)(2) creates a private right of action for a personal injury claim?  For the reasons below, the Court finds that it does not.  Accordingly, the Court will **GRANT** Freightlion's motion to dismiss

Count X of the complaint. However, the Court will **DENY** Freightlion's motion to dismiss Plaintiffs' claims for punitive damages.

**II.     Jurisdiction**

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

**III.    Background**

This case involves personal injuries and property damage sustained when a tractor-trailer, owned by Plaintiff Kreilkamp Trucking, Inc. and driven by Plaintiff Eddie L. Courtney, Jr., collided with a tractor-trailer owned by Defendant Victor Motryuk and driven by Defendant Yuriy Ivanov. Plaintiffs allege the following facts in their complaint, which the Court accepts as true for the sole purpose of deciding the pending motion.

The Defendants in this case, including Freightlion, operated under certain contracts and agreements with one another to transport and deliver cargo. (ECF No. 1, Compl. ¶¶ 17-19). On August 2, 2012, Defendant Ivanov was driving a tractor-trailer on Interstate 80. (*Id.* ¶ 22). Defendant Ivanov stopped the tractor-trailer in the West-bound, right-hand lane of Interstate 80, without warning and without activating any kind of signal device or light. (*Id.* ¶¶ 24-25). Plaintiff Courtney, who was also driving his tractor-trailer in the West-bound, right-hand lane of Interstate 80, collided with the rear of Defendant Ivanov's tractor-trailer. (*Id.* ¶¶ 21, 26). As a result of the collision, Plaintiff Courtney suffered personal injuries, and the tractor-trailer that he was driving sustained

property damage. (*Id.* ¶¶ 31-39). The complaint alleges that, at the time of the collision, Defendants Ivanov and Motryuk were agents or employees of Freightlion. (*Id.* ¶ 29).

Plaintiffs filed an eleven-count complaint (ECF No. 1) against Defendants on September 27, 2013. Among other things, Plaintiffs assert a claim against Freightlion in Count X for damages under the Motor Carrier Act, 49 U.S.C. §§ 10101 *et seq*. ("MCA"), and the Federal Motor Carrier Safety Regulations ("FMCSR"). (*Id.* ¶¶ 103-112). Plaintiffs also seek punitive damages against Freightlion in Counts III, IV, and X.

Freightlion has filed a motion for partial dismissal, asking the Court to dismiss both Count X of the complaint and Plaintiffs' claims for punitive damages against Freightlion. (ECF No. 7). The parties have fully briefed the Court (*see* ECF Nos. 8, 12), and this matter is now ripe for adjudication.

## IV. Standard of Review

Freightlion has moved to dismiss certain claims in Plaintiffs' complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F.3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "plausible claim for relief." *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is

4

vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

**V.     Discussion**

As noted above, Freightlion seeks dismissal of both Count X of Plaintiffs' complaint and Plaintiffs' claims for punitive damages. The Court will separately address each issue below.

**A.  Dismissal of Count X of the Complaint**

In Count X of the complaint (ECF No. 1, Compl. ¶¶ 103-112), Plaintiffs allege that Freightlion violated the Motor Carrier Act, which states in relevant part,

> A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part.

49 U.S.C. § 14704(a)(2). Plaintiffs claim that Freightlion violated § 14101(a), which mandates that a carrier "shall provide safe and adequate service, equipment, and facilities." The complaint alleges that Freightlion failed to "provide adequate services, and equipment and facilities in the form of skilled trained, experienced, qualified, and competent drivers and safe, roadworthy equipment as mandated under 49 U.S.C. § 14101(a)." (*Id.* ¶ 108). Specifically, the complaint alleges that Freightlion

> had been assigned poor safety ratings by the FMCSA, had a history of violations of the FMCSR related to personnel and equipment, violations of the hours of service rules, and had drivers placed "out-of-service" for

5

such violations, and was otherwise unsuited and unfit to operate safely as required by the FMCSR and, therefore, was unable to provide safe and adequate services, equipment and facilities as mandated by 49 U.S.C. § 14101(a).

(*Id.* ¶ 107). Plaintiffs aver that, as a result of these alleged violations, Plaintiffs were severely injured and Freightlion is therefore liable for damages. (*Id.* ¶ 112).

Freightlion now moves to dismiss Count X of the complaint, arguing that 49 U.S.C. § 14704(a)(2) does not create a private cause of action for personal injuries, such as those alleged here. (*See* ECF No. 8 at 11). Whether § 14704(a)(2) creates a private cause of action for personal injuries is a matter of first impression in the Western District of Pennsylvania. Likewise, this question has not been addressed by the Third Circuit Court of Appeals.

However, several other courts have consistently concluded that § 14704(a)(2) does not create a private cause of action for personal injuries. *See, e.g.*, *Stewart v. Mitchell Transport*, 241 F. Supp. 2d 1216, 1219-20 (D. Kan. 2002); *Schramm v. Foster*, 341 F. Supp. 2d 536, 547 (D. Md. 2004); *Crosby v. Landstar*, No. 04-cv-1535-SLR, 2005 WL 1459484, at *2 (D. Del. June 21, 2005); *Jones v. D'Souza*, No. 7:06-cv-547, 2007 WL 2688332, at *7 (W.D. Va. Sept. 11, 2007); *Craft v. Graebel-Oklahoma Movers, Inc.*, 178 P. 3d 170, 177 (Ok. 2007); *Tierney v. Arrowhead Concrete Works, Inc.*, 791 N.W. 2d 540, 547 (Minn. Ct. App. 2010); *Kavulak v. Laimis Juodzevicius, A.V. Inc.*, No. 09-cv-333S, 2014 WL 173905, at *4 (W.D. N.Y. Jan. 13, 2014).[1] In researching the decisional law, this Court could find only one case holding that

---

[1] Additionally, the Eighth Circuit recently suggested in dicta, "We doubt there is a federal private right of action for a violation of the FMCSR." *Harris v. FedEx Nat. LTL, Inc.*, No. 13-1981, 2014 WL 3638896, at *3 n.2 (8th Cir. July 24, 2014) (citing *Stewart*, 241 F. Supp. 2d at 1219-21).

6

§ 14704(a)(2) does provide a private cause of action—*Marrier v. New Penn Motor Express, Inc.*, 140 F. Supp. 2d 326 (D. Vt. 2001).

For the reasons that follow, this Court concludes—in agreement with the majority of other courts that have considered this question—that § 14704(a)(2) "creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, but not for personal injury actions such as the one in the instant case." *Stewart*, 241 F. Supp. 2d at 1221.

### 1. Principles of Statutory Interpretation

In answering the question presented, the Court must determine the meaning of § 14704(a)(2). It is well-settled that

> [P]rivate rights of action to enforce federal law must be created by Congress. The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute.

*Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (citations omitted). Congressional intent is the touchstone of a court's inquiry in determining whether a private right of action exists under a federal statute. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 119 (3d Cir. 2009). In making this determination, courts have considered the text and structure of the statute at issue, the legislative history, and any relevant case law. *Id.*; *see also Wisniewski v. Rodale, Inc.*, 510 F.3d 294 (3d Cir. 2007).

7

In the present case, based upon the language of the text, the structure of the statute, the legislative history and policy underlying the statute, and the case law from sister jurisdictions, this Court finds that the statute does not create a private cause of action for personal injuries.[2] The Court will separately address each of these considerations below.

### 2. Plain Language of the Statute

The relevant subsection of the Motor Carrier Act at issue here provides that a carrier "is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part." 49 U.S.C. § 14704(a)(2). This language is ambiguous and, on its face, does not specifically indicate whether Congress intended to create a private right of action for personal injury claims. *See Stewart*, 241 F. Supp. 2d at 1219-20 (observing that the language is "ambiguous"); *Schramm*, 341 F. Supp. 2d at 547 (remarking that the language is "enigmatic"). The imprecision of the language in this subsection becomes more apparent when read in connection with the surrounding subsections—as is discussed in more detail below. Thus, based on a plain reading of the language of § 14704(a)(2), the statute on its face does not explicitly create a private right of action for personal injuries. Given this ambiguity, the Court will apply other available tools of statutory construction to determine the meaning of § 14704(a)(2).

---

[2] Instead, § 14704(a)(2) only "creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, but not for personal injury actions." *Stewart*, 241 F. Supp. 2d at 1221.

### 3. The Structure of the Statute

As other courts have noted, the language of § 14704(a)(2) is markedly different from the preceding subsection, § 14704(a)(1). *See Schramm*, 341 F. Supp. 2d at 547; *Jones*, 2007 WL 2688332, at *7; *Craft*, 178 P.3d at 177. Section 14704(a)(1) provides that a person who is injured because of a failure to obey an order of the Secretary or the Board may "bring a civil action to enforce that order." This language clearly creates a private right of action for injured individuals. The omission of this explicitly-stated remedy from the following subsection—§ 14704(a)(2)—indicates that Congress did not intend to confer the same right for private individuals in a purely personal injury claim. *See Schramm*, 341 F. Supp. 2d at 547; *Stewart*, 241 F. Supp. 2d at 1219-20; *Tierney*, 791 N.W. 2d at 547; *Jones*, 2007 WL 2688332, at *7. Thus, when read together, these two subsections present two very different remedies. Indeed, the dissimilar wording of these two subsections requires an interpretation that maintains the distinction between liability for damages in commercial disputes involving violations of the Motor Carrier Act and its regulations, which is governed by federal statutes, and liability for personal injuries to the public, for which federal statutes are silent. *Beavers v. Victorian*, No. 11-cv-1442-D, 2014 WL 1276374, at *8 (W.D. Okla. Mar. 27, 2014) (citing *Schramm*, 341 F. Supp. 2d at 547).

### 4. Legislative History and Policy

Additionally, the legislative history and underlying policy of the statute supports an interpretation that the two subsections contemplate two different remedies. The *Crosby* court succinctly summarized the relevant statutory history as follows:

> Section 14704 was enacted by Congress as part of the ICC Termination Act of 1995 ("ICC Act"). With the enactment of the ICC Act, Congress disposed of the Interstate Commerce Commission and transferred its responsibilities to the Department of Transportation ("DOT"). Congress, however, did not transfer all of the responsibilities of the ICC to DOT. A section of the ICC Act allows commercial disputes, which had been administratively adjudicated by the ICC, to be brought in federal court. Specifically, the ICC Act was intended to "permit . . . private, commercial disputes to be resolved the way that all other commercial disputes are resolved—by the parties." Section 14704, in particular, was intended to "provide for private enforcement of the provisions of the Motor Carrier Act in court." . . . [Thus, §] 14704 does not give this court jurisdiction over negligence claims, which are traditionally within the purview of state jurisdiction.

*Crosby*, 2005 WL 1459484, at *2 (citations omitted). Thus, the disputes covered by § 14704(a)(2), as contemplated by Congress, do not include personal injury actions. *See Stewart*, 241 F. Supp. 2d at 1220-21 ("The legislative history gives no indication that Congress intended to expand the scope of the Motor Carrier Act to cover personal injury claims where there was no such coverage before."); *Craft*, 178 P. 3d at 177 ("[T]he legislative history establishes that Congress was interested only in enabling private entities to assume the Interstate Commerce Commission's role to enforce the commercial aspects of the Motor Carrier Act."); *Schramm*, 341 F. Supp. 2d at 547 (explaining that the legislative history is devoid of any discussion concerning what impact a newly created federal private cause of action for personal injuries would have on the caseload of federal courts); *Jones*, 2007 WL 2688332, at *7. Therefore, a careful review of the legislative history demonstrates that Congress did not intend for § 14704(a)(2) to create a private cause of action for personal injuries.

### 5. Cases from Sister Courts

Finally, as noted above, the vast majority of courts that have considered this issue have concluded that, while § 14704(a)(2) creates a private right of action for damages in commercial disputes involving violations of the Motor Carrier Act, the statute does not create a private cause of action for personal injury claims. *See, e.g.*, *Stewart*, 241 F. Supp. 2d at 1221; *Schramm*, 341 F. Supp. 2d at 547; *Crosby*, 2005 WL 1459484, at *2; *Jones*, 2007 WL 2688332, at *7; *Craft*, 178 P.3d at 176-77; *Tierney*, 791 N.W. 2d at 547; *Lipscomb v. Zurich*, No. 11-cv-2555, 2012 WL 1902595, at *2-3 (E.D. La. May 25, 2012). Finding these cases highly persuasive, this Court adopts the majority position that § 14704(a)(2) creates only a cause of action for commercial injuries and not a private cause of action for personal injuries.

Plaintiffs rely on the only case holding that the statute creates a private cause of action for personal injuries—*Marrier v. New Penn Motor Express, Inc*., 140 F. Supp. 2d 326 (D. Vt. 2001). However, the reasoning in *Marrier* is unpersuasive. In *Marrier*, the court concluded that the plain meaning of the statute creates a private right of action for personal injury, finding that the purpose of the Act was "to try to ensure safety in the operation of motor carriers," which demonstrates Congress's intent to create a private cause of action. *Id*. at 329. This Court respectfully disagrees, finding that the language of the statute is ambiguous and inconsistent with other language in the statute, and that the legislative history and persuasive weight of other cases on this issue requires an interpretation contrary to the *Marrier* decision.

For these reasons, the Court finds that 49 U.S.C. § 14704(a)(2) does not create a private cause of action for personal injuries, such as those alleged in the instant case.

Accordingly, Count X of Plaintiffs' complaint will be dismissed. However, Plaintiffs will be granted leave to amend their complaint to include the allegations related to violations of the FMCSR in support of their common law negligence claim.

**B. Dismissal of Plaintiffs' punitive damages claims**

Freightlion also moves to dismiss Plaintiffs' claims for punitive damages. In Pennsylvania, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984); *see also Allegrino v. Conway E & S, Inc.*, No. 09-cv-1507, 2010 WL 3943939, at *11 (W.D. Pa. Oct. 6, 2010). Punitive damages "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). In order to support a claim for punitive damages, a plaintiff must establish that "(1) a defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 124; *see also Ditzler v. Wesolowski*, No. 3:05-cv-325, 2007 WL 2253596, at *4 (W.D. Pa. Aug. 3, 2007).

In the present case, Plaintiffs' claims sound in negligence. A plaintiff asserting a negligence claim may attempt to prove that a defendant's conduct was sufficiently outrageous such that punitive damages can be awarded. *See Weaver v. Univ. of Pittsburgh Med. Ctr.*, No. 08-cv-411, 2008 WL 2942139, at *14 (W.D. Pa. July 30, 2008) (concluding that the "ultimate determination of whether punitive damages are appropriate . . . is a

12

question for the finder of fact" and denying motion to dismiss punitive damages claim without prejudice to reasserting the request for dismissal at a later time). Here, Plaintiffs have alleged that Freightlion is liable for the actions of its agents. Plaintiffs have also alleged that Freightlion's agents acted in a reckless way by stopping in the lane of traffic of an interstate without warning, constituting outrageous conduct which created a risk of physical harm to other drivers. Plaintiffs have further alleged that Freightlion failed to properly train their agents, failed to ensure that the tractor-trailers were in proper working condition, and permitted their agents to drive in an unsafe and improper manner. Finally, Plaintiffs have alleged that Freightlion knew of the risks involved with this conduct and consciously disregarded the risks. Thus, Plaintiffs have sufficiently alleged facts to state a plausible claim for punitive damages to survive the instant motion to dismiss. *See Darden-Munsell v. Duth Maid Logistics*, No. 10-cv-103, 2011 WL 3325863, at *3 (W.D. Pa. July 13, 2011); *Tomassoni v. Farr*, No. 3:11-cv-105, 2011 WL 846637, at *2 (M.D. Pa. Mar. 8, 2011). Accordingly, at this time, the Court will deny Freightlion's motion to dismiss Plaintiffs' claims for punitive damages, without prejudice to Freightlion reasserting its request to dismiss such claims at a later stage in this litigation, if appropriate.

## VI. CONCLUSION

For the reasons stated above, the Court will grant Freightlion's motion to dismiss Count X of Plaintiffs' complaint, but will permit Plaintiffs leave to amend their complaint to incorporate allegations of violations of the FMCSR into their claims for common law

negligence. Further, the Court will deny Freightlion's motion to dismiss Plaintiffs' claims for punitive damages without prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE L. COURTNEY, JR. and<br>KREILKAMP TRUCKING, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>YURIY IVANOV a/k/a YURLY IVANOV;<br>VICTOR MOTRYUK a/k/a VIKTOR<br>MOTRYUK a/k/a VICKTOR MOTRYUK;<br>FREIGHTLION LOGISTICS, LLC;<br>PROMPT LOGISTICS (USA); PROMPT<br>LOGISTICS (CANADA); and<br>INTERNATIONAL PURCHASE<br>SYSTEMS, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 3:13-227<br><br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this **18th** day of August 2014, upon consideration of Freightlion Logistics, LLC's motion for partial dismissal (ECF No. 7), and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED** that Defendant Freightlion Logistics, LLC's motion to dismiss Count X of the complaint is **GRANTED**. Plaintiffs are granted twenty-one (21) days leave to amend the complaint, for the sole purpose of including the allegations from Count X related to the violations of the Federal Motor Carrier Safety Regulations in their common law claim for negligence.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss the claims for punitive damages in the complaint is **DENIED** without prejudice to Freightlion Logistics, LLC raising this issue again at a later stage of this case.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE