IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE L. COURTNEY, JR. and ) <br> KREILKAMP TRUCKING, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> YURIY IVANOV a/k/a YURLY IVANOV; ) <br> VICTOR MOTRYUK a/k/a VIKTOR ) <br> MOTRYUK a/k/a VICKTOR MOTRYUK; ) <br> FREIGHTLION LOGISTICS, LLC; ) <br> PROMPT LOGISTICS (USA); PROMPT ) <br> LOGISTICS (CANADA); and ) <br> INTERNATIONAL PURCHASE ) <br> SYSTEMS, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 3:13-227 <br><br> JUDGE KIM R. GIBSON |

**MEMORANDUM OPINION**

**I.     Introduction**

This personal injury action arises from a traffic accident involving two tractor-trailers on Interstate 80.  Pending before the Court is a motion for partial dismissal (ECF No. 61) of Plaintiffs' amended complaint (ECF No. 58) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Prompt Logistics (USA) and Prompt Logistics (Canada) (collectively "Prompt Logistics").  Specifically, Prompt Logistics moves to dismiss two claims in the amended complaint:  (1) paragraphs 89-94 and 98 of Count VI and (2) Count VII in its entirety.  Prompt Logistics' motion involves a question previously decided by this Court in Defendant Freightlion Logistics' motion to dismiss—whether 49 U.S.C. § 14704(a)(2) creates a private right of action for a personal injury claim.  *See*

*Courtney v. Ivanov*, 41 F. Supp. 3d 453, 455 (W.D. Pa. 2014). In a prior memorandum opinion, this Court concluded that the statute does not create a private cause of action and dismissed Count X of Plaintiffs' original complaint, but permitted Plaintiffs to file an amended complaint asserting violations of the Federal Motor Carrier Safety Regulations ("FMCSR") as a factual basis for Plaintiffs' common law negligence claims. (*See* ECF No. 57). Plaintiffs filed an amended complaint on September 8, 2014, to which Prompt Logistics filed the pending motion for partial dismissal. Having reviewed the motion and briefs, and in light of this Court's previous decision and the applicable case law, the Court will **DENY** Prompt Logistics' motion to dismiss paragraphs 89-94 and 98 of Count VI[1], and will **DENY** Prompt Logistics' motion to dismiss Count VII of the amended complaint.

## II. Jurisdiction

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

This case involves personal injuries and property damage sustained when a tractor-trailer, owned by Plaintiff Kreilkamp Trucking, Inc. and driven by Plaintiff Eddie L. Courtney, Jr., collided with a tractor-trailer owned by Defendant Victor Motryuk and driven by Defendant Yuriy Ivanov. The Court previously set forth the following facts,

---

[1] As will be explained in more detail below, Plaintiff has agreed to strike paragraph 89. Accordingly, paragraph 89 will be stricken from the amendment complaint.

which Plaintiffs have again alleged in their amended complaint, and which the Court will accept as true for the sole purpose of deciding the pending motion to dismiss.

The Defendants in this case operated under certain contracts and agreements with one another to transport and deliver cargo. (ECF No. 58, Am. Compl. ¶¶ 17-19). On August 2, 2012, Defendant Ivanov was driving a tractor-trailer on Interstate 80. (*Id.* ¶ 22). Defendant Ivanov stopped his tractor-trailer in the West-bound, right-hand lane of Interstate 80, without warning and without activating any kind of signal device or light. (*Id.* ¶¶ 24-25). Plaintiff Courtney, who was also driving his tractor-trailer in the West-bound, right-hand lane of Interstate 80, collided with the rear of Defendant Ivanov's tractor-trailer. (*Id.* ¶¶ 21, 26). As a result of the collision, Plaintiff Courtney suffered personal injuries, and the tractor-trailer that he was driving sustained property damage. (*Id.* ¶¶ 31-39). The amended complaint alleges that, at the time of the collision, Defendants Ivanov and Motryuk were agents, servants, or employees of Prompt Logistics. (*Id.* ¶ 29).

On September 27, 2013, Plaintiffs filed an eleven-count complaint. (ECF No. 1). Among other things, Plaintiffs asserted a claim in Count X for damages under the Motor Carrier Act, 49 U.S.C. §§ 10101 *et seq*. ("MCA"), and the Federal Motor Carrier Safety Regulations ("FMCSR"). (*Id.* ¶¶ 103-112). Defendant Freightlion filed a motion for partial dismissal (ECF No. 7), which the Court granted, dismissing Count X of the complaint (*see* ECF No. 57). Plaintiffs then filed an amended complaint (ECF No. 58) incorporating allegations of FMCSR violations into their negligence claims, which Prompt Logistics now

moves to dismiss (ECF No. 61). The parties have fully briefed the Court (*see* ECF Nos. 63, 71, 82), and this matter is ripe for adjudication.

**IV.    Standard of Review**

The Prompt Logistic Defendants have moved to dismiss certain claims in Plaintiffs' amended complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "plausible claim for relief." *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

**V.     Discussion**

Plaintiffs' amended complaint (ECF No. 58) alleges that the Prompt Logistics Defendants are liable for personal injury and property damages to Plaintiffs. The

5

amended complaint asserts a number of different claims against Prompt Logistics: Count V asserts a claim for negligent hiring (*id.* ¶¶ 74-85); Count VI asserts a claim for negligent entrustment/negligence (*id.* ¶¶ 86-101); Count VII asserts a claim for negligence under the Second Restatement of Torts § 428 (*id.* ¶¶ 102-104); Count VIII asserts a claim for joint venture liability (*id.* ¶¶ 105-109); and Count IX asserts a claim for relief under a theory of vicarious liability and respondeat superior (*id.* ¶¶ 110-119). As noted above, Prompt Logistics seeks dismissal of portions of Count VI and Count VII in its entirety. The Court will separately address each argument below.

**A. Dismissal of Count VI of the Amended Complaint**

Count VI of the amended complaint (ECF No. 58 ¶¶ 86-101) asserts a claim for negligent entrustment and negligence against Prompt Logistics. Specifically, Plaintiffs allege that

> [Prompt Logistics] negligently, carelessly, and recklessly entrusted the transportation of goods to Defendant(s), Freightlion, as a common carrier of property and directed it to transport flashlights from New York to Ohio when it knew, or should have known, that Defendant(s), Freightlion, had a poor assigned safety rating, a poor maintenance and safety record by the FMCSA, had a history of violations of the FMCSR, and was otherwise unsuited and unfit to operate safely as required by the FMCSR.
>
> [Prompt Logistics] was negligent, careless, and reckless in exercising its discretion as a licensed property broker in arranging for transportation by an unfit and unsafe motor carrier.

(*Id.* ¶ 87-88).

Defendants contend that the subsequent paragraphs in Count VI of Plaintiffs' amended complaint allege liability and damages for violations of the Federal Motor

6

Carrier Safety Act in violation of this Court's previous order. (ECF No. 63 at 5). Defendants note that this Court previously concluded that 49 U.S.C. § 14704(a)(2) does not create a private cause of action for personal injury claims, such as those alleged in the instant case. *See Courtney v. Ivanov*, 41 F. Supp. 3d 453, 460 (W.D. Pa. 2014). According to Defendants, Plaintiffs' amended complaint "re-alleges the claims made in Count X of the original complaint for violations of the Federal Motor Carrier Safety Act" in contravention of this Court's ruling and should thus be dismissed. (ECF No. 63 at 6). In response, Plaintiffs argue that the amended complaint "does not state a private cause of action for personal injuries and damages pursuant to the FMCSR," but instead "simply references the statutory and regulatory violations that should have alerted Prompt to the dangers of entrusting Freightlion with the transportation of the freight." (ECF No. 71 at 5).

Having reviewed the amended complaint and the arguments presented in the briefs, the Court finds that the paragraphs of Count VI at issue here do not violate this Court's previous order and thus will not be dismissed. As an initial matter, the Court notes that Plaintiffs agree to strike paragraph 89, "[s]o as to avoid any confusion as to the nature of the claim." (ECF No. 71 at 6). Accordingly, paragraph 89 will be stricken from the amended complaint. Nevertheless, the remaining paragraphs in dispute (Am. Compl. ECF No. 58 ¶¶ 90-94, 98) are not an attempt by Plaintiff to assert a private cause of action under 49 U.S.C. § 14704(a)(2), as Count X did in the original complaint. Instead, those paragraphs allege violations of the FMCSR to serve as a factual basis for asserting a claim of common law negligence and negligent entrustment.

For example, paragraph 92 alleges that Prompt Logistics "knew or should have known, that Defendant(s), Freightlion, had been assigned poor safety ratings by the FMCSA, had a history of violations of the FMCSR related to personnel and equipment . . ." (*Id.* ¶ 92). Plaintiffs assert a claim for negligence against Prompt Logistics for hiring Freightlion and entrusting Freightlion and its employees with the shipment of goods despite knowing about Freightlion's deficiencies and violations of federal regulations. Accordingly, the disputed paragraphs in Count VI do not contravene this Court's previous order because Plaintiffs' allegations asserting violations of the FMCSR are made in support of their common law negligence claims and not to assert a private cause of action under the statute. Thus, the allegations contained in those paragraphs will not be dismissed from the amended complaint, and Defendants' motion to dismiss paragraphs 89-94 and 98 is therefore denied.

### B. Dismissal of Count VII of the Amended Complaint

In Count VII of the amended complaint, Plaintiffs assert a claim for negligence pursuant to the Restatement (Second) of Torts § 428:

> [Prompt Logistics], acting as a licensed broker for its own financial gain, owed a non-delegable duty to the public at large pursuant to Restatement (Second) of Torts, § 428, to ensure that Defendant(s), Freightlion, operated in a non-negligent manner pursuant to a public franchise or authority granted by the United States Department of Transportation.
>
> [Prompt Logistics], breached its non-delegable duty to Plaintiffs, Eddie Courtney and Kreilkamp Trucking, as members of the general public by virtue of hiring and/or retaining Defendant(s), Freightlion, who acted negligently, carelessly, and recklessly as set forth previously herein.

(ECF No. 58 ¶¶ 103-104). Plaintiffs allege that Prompt Logistics, as a "licensed broker," should be liable under § 428 of the Second Restatement of Torts ("§ 428") for the allegedly negligent actions of Defendant Freightlion and its agents and employees. Prompt Logistics argues that Plaintiffs' claim must be dismissed because § 428 only applies to motor carriers operating under franchises to transport freight on public roadways and does not apply to brokers. Whether a broker is liable under § 428 for the conduct of its independent contractors is an issue of first impression for this Court.

As a general rule, under Pennsylvania law, "when an independent contractor causes injury, the party employing the independent contractor is not liable to the injured third person." *Williams v. Braden Drilling, LLC*, No. 3:11-cv-2342, 2014 WL 4792429, at *4 (M.D. Pa. Sept. 24, 2014) (citing *Wilson v. IESI N.Y. Corp.*, 444 F. Supp. 2d 298, 313 (M.D. Pa. 2006) ("a party is generally not liable for the negligence of an independent contractor")). Nevertheless, the Restatement (Second) of Torts § 428 provides an exception:

> An individual or a corporation carrying on an activity which can be lawfully carried on only under a franchise granted by public authority and which involves an unreasonable risk of harm to others, is subject to liability for physical harm caused to such others by the negligence of a contractor employed to do work in carrying on the activity.

The Third Circuit has explained that this rule applies to motor carriers transporting freight on interstate highways: "The carriage of freight in high powered motor vehicles on public highways is certainly business attended with very considerable risk." *Venuto v. Robinson*, 118 F. 2d 679, 682 (3d Cir. 1941). While the Pennsylvania Supreme Court has not explicitly adopted § 428 of the Restatement, federal courts in this Circuit have predicted

9

that the Supreme Court would do so. *See, e.g.*, *Longo v. Pennsylvania Electric Co.*, 618 F. Supp. 87, 90-91(W.D. Pa. 1985); *Wilson v. IESI N.Y. Corp.*, 444 F. Supp. 2d 298, 310 (M.D. Pa. 2006). Thus, in this Circuit, the law is well-settled that "a common or contract carrier engaged in interstate commerce and regulated under the DOT (or former ICC) are responsible for the negligence of its subcontractors." *Wilson*, 444 F. Supp. 2d at 310 (citing *Venuto*, 118 F. 2d at 679).

Defendants contend that, while § 428 mandates that a common carrier is responsible for the negligence of its subcontractors, the rule does not apply to brokers, who do not operate under the same franchise licenses as common carriers to transport freight and who engage in decidedly different activities. (ECF No. 63 at 8). Plaintiffs, on the other hand, argue that a broker is more comparable to a for-hire motor carrier than a private carrier and that the same public policy arguments that raises the duty of care for a for-hire motor carrier under § 428 applies with equal force to a broker. (ECF No. 71 at 9). Indeed, Plaintiffs contend, "[t]he distinction between a broker and motor carrier is insignificant when the public's safety is of concern." (*Id.*). Plaintiffs also argue that whether Prompt Logistics was acting as a broker or as a motor carrier is a question of fact that should not be resolved on a motion to dismiss. (*Id.* at 10).

The Court finds that a broker is not the type of individual or corporation envisioned by § 428. The Federal Motor Carrier Safety Regulations ("FMCSR") define a "broker" as "a person who, for compensation, arranges, or offers to arrange, the transportation of property by an authorized motor carrier." 49 C.F.R. § 371.2(a); *see also Transplace Stuttgart, Inc. v. Carter*, 255 S.W. 3d 878, 879 (Ark. App. Ct. 2007) ("[A]

10

transportation broker . . . locates carriers to transport loads for shippers. [I]t contacts a carrier and arranges to have the load transported. It informs the carrier where the load is located, when the load needs to be picked up, and when the load needs to be delivered."). The FMCSR differentiates "motor carriers" as persons who are "not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a). Instead, a "for-hire motor carrier" is defined as "a person engaged in the transportation of goods or passengers for compensation." 49 C.F.R. § 390.5.[2] Thus, the FMCSR clearly distinguishes brokers and motor carriers and identifies very different roles between the two—brokers arrange transportation while motor carriers engage in the actual transportation. *See, e.g., Mach Mold Inc. v. Clover Associates, Inc.*, 383 F. Supp. 2d 1015, 1030 (N.D. Ill. 2005); *see also Wilson v. IESI N.Y. Corp.*, 444 F. Supp. 2d 298, 313 (M.D. Pa. 2006) (discussing difference between private motor carrier and for profit motor carrier). The public policy rationale underlying

---

[2] Similarly, one District Court has noted,

> The Interstate Commerce Act defines a "motor carrier" as "a person providing motor vehicle transportation for compensation," 49 U.S.C. § 13102(12) (1997), and a "freight forwarder" as "a person holding itself out to the general public (other than as a pipeline, rail, motor, or water carrier) to provide transportation of property for compensation and in the ordinary course of its business . . . assumes responsibility for the transportation from the place of receipt to the place of destination; and uses for any part of the transportation a carrier subject to jurisdiction under this subtitle." 49 U.S.C. § 13102(8) (1997). By contrast, the ICA defines a "broker" as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2) (1997).

*Mach Mold Inc. v. Clover Associates, Inc.*, 383 F. Supp. 2d 1015, 1029 (N.D. Ill. 2005).

§ 428 is concerned with the dangers inherent in the transportation of freight in commercial motor vehicles on public highways. Indeed, "Comment a" to § 428 explains:

> The rule . . . is principally applicable to public service corporations which, as such, are permitted by their franchise to use instrumentalities which are peculiarly dangerous unless carefully operated.
>
> The rule . . . does not apply to . . . the carrying on of activities which involve no special danger, and which could be lawfully carried on . . . by private persons without liability for the misconduct of the contractors to whom they are entrusted.

Restatement (Second) of Torts § 428, Comment a. Brokers operate under franchises to arrange shipment and transportation and are subject to different regulations under the FMCSR than motor carriers. *See* 49 C.F.R. § 371, *et seq*. The duties and responsibilities of a broker do not involve the same "peculiarly dangerous" instrumentalities inherent with the activities of motor carriers. Accordingly, the Court finds that a broker operating solely under a broker franchise, and not a common or for-hire motor carrier franchise, is not subject to § 428 of the Restatement (Second) of Torts.

Nevertheless, it is not clear at this stage of the litigation whether Prompt Logistics was acting simply as a broker, or whether it was also engaged in activity as a motor carrier as contemplated by the relevant statutes and regulations. While Prompt Logistics labels itself as a broker, and Plaintiffs allege that Prompt Logistics was engaged as a broker, Prompt Logistics' status should be determined by the nature of the relationship between the parties. *See, e.g., Phoenix Assur. Co. v. K-Mart Corp.*, 977 F. Supp. 319, 326 (D.N.J. 1997); *see also Christenberry Trucking & Farm, Inc. v. F & M Mktg. Servs., Inc.*, 329 S.W. 3d 452, 456 (Tenn. Ct. App. 2010).

In the amended complaint, Plaintiffs repeatedly allege that Prompt Logistics was engaged as a broker, while alleging that Defendant Freightlion was engaged as a motor carrier. In paragraphs 87 and 103 of the amended complaint, Plaintiffs allege that Prompt Logistics was "acting as a licensed broker for its own financial gain" and "entrusted the transportation of goods to Defendant(s), Freightlion, as a common carrier of property." (ECF No. 58 ¶ 87, 103). In paragraph 92 of the amended complaint, Plaintiffs allege that Prompt Logistics is "a knowledgeable and sophisticated motor carrier broker and/or freight forwarding company." (*Id.* ¶ 92). In paragraph 88, Plaintiffs allege that Prompt Logistics "was negligent, careless, and reckless in exercising its discretion as a licensed property broker in arranging for transportation by an unfit and unsafe motor carrier." (*Id.* ¶ 88). Thus, the allegations clearly identify Prompt Logistics as a broker.

However, the amended complaint also refers to Prompt Logistics as a motor carrier. For example, paragraph 100 unequivocally alleges that Prompt Logistics "acted as a motor carrier with respect to the August 2, 2012, shipment of goods through interstate commerce, and, therefore, assumed the legal duty to transport the load in a safe and responsible manner." (*Id.* ¶ 100). Whether or not Prompt Logistics engaged in activities as a motor carrier, as defined by the FMCSR, and is therefore subject to § 428 of the Second Restatement of Torts is an issue of fact that should be tested and developed during the course of discovery. At this time, Plaintiffs have alleged sufficient facts in the amended complaint to plausibly establish a claim for relief to survive the instant motion to dismiss. Accordingly, the Court will deny Prompt Logistics' motion to dismiss Count

VII of the amended complaint at this time, without prejudice to Prompt Logistics' reasserting such an argument at a later stage in this litigation.

**VI.　Conclusion**

For the reasons stated above, the Court will deny Prompt Logistics' motion to dismiss paragraphs 89-94 and 98 of Count VI and will deny Prompt Logistics' motion to dismiss Count VII of Plaintiffs' amended complaint at this time.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EDDIE L. COURTNEY, JR. and | ) | CIVIL ACTION NO. 3:13-227 |
| KREILKAMP TRUCKING, INC., | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YURIY IVANOV; et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 23rd day of June 2015, upon consideration of the motion for partial dismissal (ECF No. 61) filed by Defendants Prompt Logistics (USA) and Prompt Logistics (Canada), and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED** that Prompt Logistics' motion is **DENIED** as follows:

(1) Prompt Logistics' motion to dismiss paragraphs 89-94 and 98 of Count VI is **DENIED**. However, upon agreement of the parties, paragraph 89 is stricken from the amended complaint.

(2) Prompt Logistics' motion to dismiss Count VII is **DENIED** at this time.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE