# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE L. COURTNEY, JR. and KREILKAMP TRUCKING, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| | ) CIVIL ACTION NO. 3:13-227 |
| v. | ) ) |
| | ) JUDGE KIM R. GIBSON |
| YURIY IVANOV a/k/a YURLY IVANOV; VICTOR MOTRYUK a/k/a VIKTOR MOTRYUK a/k/a VICKTOR MOTRYUK; FREIGHTLION LOGISTICS, LLC; PROMPT LOGISTICS (USA); PROMPT LOGISTICS (CANADA); and INTERNATIONAL PURCHASE SYSTEMS, INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I.  Introduction

This personal injury action arises from a traffic accident involving two tractor-trailers on Interstate 80.  Pending before the Court is a motion (ECF No. 107) to compel discovery filed by Defendants Prompt Logistics (USA) and Prompt Logistics (Canada) (collectively, "Prompt Logistics").  For the reasons that follow, Defendants' motion to compel discovery will be **DENIED**.

### II.  Jurisdiction

The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

### III. Background

This case involves personal injuries and property damage sustained when a tractor-trailer, owned by Plaintiff Kreilkamp Trucking, Inc. and driven by Plaintiff Eddie L. Courtney, Jr., collided with a tractor-trailer owned by Defendant Victor Motryuk and driven by Defendant Yuriy Ivanov. The Court previously set forth the following facts, which Plaintiffs alleged in their amended complaint, in its decision regarding Defendants Prompt Logistics' motion to dismiss. (*See* ECF No. 97 at 2-4.)

Defendants in this case operated under certain contracts and agreements with one another to transport and deliver cargo. (ECF No. 58 ¶¶ 17-19.) On August 2, 2012, Defendant Ivanov was driving a tractor-trailer on Interstate 80. (*Id.* ¶ 22.) Defendant Ivanov stopped his tractor-trailer in the West-bound, right-hand lane of Interstate 80, without warning and without activating any kind of signal device or light. (*Id.* ¶¶ 24-25.) Plaintiff Courtney, who was also driving his tractor-trailer in the West-bound, right-hand lane of Interstate 80, collided with the rear of Defendant Ivanov's tractor-trailer. (*Id.* ¶¶ 21, 26.) As a result of the collision, Plaintiff Courtney suffered personal injuries, and the tractor-trailer that he was driving sustained property damage. (*Id.* ¶¶ 31-39.) The amended complaint alleged that, at the time of the collision, Defendants Ivanov and Motryuk were agents, servants, or employees of Defendants Prompt Logistics. (*Id.* ¶ 29.)

On September 27, 2013, Plaintiffs filed an eleven-count complaint. (ECF No. 1.) Among other things, Plaintiffs asserted a claim in Count X for damages under the Motor Carrier Act, 49 U.S.C. §§ 10101 *et seq.* ("MCA"), and the Federal Motor Carrier Safety Regulations ("FMCSR"). (*Id.* ¶¶ 103-112.) Defendant Freightlion filed a motion for partial

dismissal (ECF No. 7), which the Court granted, dismissing Count X of the complaint (*see* ECF No. 57.) Plaintiffs then filed an amended complaint (ECF No. 58) incorporating allegations of FMCSR violations into their negligence claims, which Defendants Prompt Logistics moved to dismiss (ECF No. 61). The Court denied Defendants Prompt Logistics' motion to dismiss paragraphs 89-94 and 98 of Count VI but, upon agreement of the parties, struck paragraph 89 from the amended complaint. (ECF No. 97 at 14.) The Court also denied Defendants Prompt Logistics' motion to dismiss Count VII. (*Id.*)

Defendants Prompt Logistics have filed a motion requesting negative inferences against Plaintiffs as to Plaintiff Kreilkamp Trucking, Inc.'s lack of training, improper maintenance and lack of inspections of vehicles; and failure to properly supervise its drivers. (ECF No. 107 at 15.) In the alternative, Defendants Prompt Logistics seek an order requiring Plaintiffs to respond to their discovery requests; an order compelling responses to and documents related to Defendants Prompt Logistics' questions at the depositions of Plaintiff Kreilkamp Trucking, Inc.'s representatives; a thirty-day extension of fact and expert discovery and motion deadlines; and the right to continue the depositions of Plaintiffs. (*Id.* at 15-16.) Plaintiffs have filed a response (ECF No. 109) in opposition to the motion, to which Defendants Prompt Logistics have filed a reply (ECF No. 112-1). The motion has been fully briefed and is now ripe for disposition.

**IV.   Standard of Review**

Generally, materials that are relevant to an issue in a case are discoverable unless they are privileged. Rule 26 explains the scope of discovery:

3

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). While the scope of discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Indeed, Rule 26(b)(1) imposes "two content-based limitations upon the scope of discovery: privilege and relevance." *Trask v. Olin Corp.*, No. 12-CV-340, 2014 U.S. Dist. LEXIS 28362, at *40 (W.D. Pa. 2014).

Even relevant discovery may be limited by a court "if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." *Id*. at *41 (citing FED. R. CIV. P. 26(b)(2)(C)). "In evaluating whether a party is entitled to discovery, the trial court should not simply rule on some categorical imperative, but should consider all the circumstances of the pending action." *Id.* at *44.

Although Defendants Prompt Logistics do not indicate that they seek to reopen discovery and extend the discovery deadlines, the Court interprets their motion as such because the deadline for discovery has expired. To modify a scheduling order, a party must demonstrate "good cause." FED. R. CIV. P. 16(b)(4). The "good cause" inquiry

4

"focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). In the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control" of a party. *See Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co.*, No. 09-CV-236, 2010 U.S. Dist. LEXIS 41695, at *10 (W.D. Pa. Apr. 28, 2010); *see also Lord v. Consolidated Rail Corp.*, No. 13-784, 2015 U.S. Dist. LEXIS 142119, at *9 (D.N.J. Oct. 19, 2015) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline[.]") (internal quotations omitted). In the context of requests to reopen discovery, "[t]he decision whether to reopen discovery is committed to the sound discretion of the district court." *Trask*, 2014 U.S. Dist. LEXIS 28362, at *267.

**V.    Discussion**

Defendants Prompt Logistics request that Plaintiffs be ordered to provide complete responses to their discovery requests and that Plaintiffs be ordered to produce documents related to their questioning at the Federal Rule of Civil Procedure 30(b)(6) depositions of Plaintiff Kreilkamp Trucking, Inc.'s representatives. (ECF No. 107 at 15-16.) Defendants Prompt Logistics also seek permission to continue the depositions of Plaintiffs as to documents that were not produced, an extension of deadlines, and negative inferences against Plaintiffs. (*Id.*) The Court will separately address Defendants Prompt Logistics' requests.

### A. Defendants Prompt Logistics' Motion to Compel Discovery Responses

In support of their motion to compel, Defendants Prompt Logistics state that Defendant Freightlion Logistics, LLC served discovery requests upon Plaintiffs in March 2014 and that Plaintiff Kreilkamp Trucking, Inc. submitted incomplete responses on June 17, 2014. (*Id.* at 7.) Defendants Prompt Logistics contend that, rather than submitting duplicative discovery requests, they asked Plaintiff Kreilkamp Trucking, Inc. to comply with Defendant Freightlion Logistics, LLC's requests. (*Id.*)

Because Defendants Prompt Logistics lacked standing to compel responses to Defendant Freightlion Logistics, LLC's discovery requests, they sent their first set of discovery requests to Plaintiff Kreilkamp Trucking, Inc. on August 19, 2015, along with a letter on August 21, 2015. (*Id.* at 8.) On September 18, 2015, Defendants Prompt Logistics sent supplemental discovery requests to Plaintiff Kreilkamp Trucking, Inc. and sent their first set of discovery requests to Plaintiff Courtney. (*Id.* at 10.) Defendants Prompt Logistics state that Plaintiffs have failed to object to, respond to, or request extensions to respond to their discovery requests. (*Id.*) After Defendants Prompt Logistics deposed Plaintiff Courtney on October 22, 2015, they made a final request for the discovery on October 27, 2015. (*Id.*) Defendants Prompt Logistics state that they received responses from Plaintiff Kreilkamp Trucking, Inc. but that they were incomplete and primarily consisted of objections. (*Id.* at 10-11.)

Defendants Prompt Logistics argue that Plaintiffs have waived their objections to the discovery requests because they failed to object, seek an extension, or otherwise respond within thirty days. (*Id.* at 13.) Defendants Prompt Logistics further assert that

their discovery requests are relevant and discoverable. (*Id.* at 13-14.) Defendants Prompt Logistics emphasize that they are not engaging in "eleventh-hour tactics," stating that they were added as parties to the lawsuit after some discovery had been exchanged and that they were required to take the lead in defending the case when Defendant Freightlion Logistics, LLC did not follow up with Plaintiffs regarding their discovery requests. (*Id.*)

In response, Plaintiffs state that they produced the following documents in responding to Defendant Freightlion Logistics, LLC's discovery requests: photographs of the vehicles involved in the accident; a towing bill; the police report; Plaintiff Kreilkamp Trucking, Inc.'s accident report; Plaintiff Courtney's driving logs from July 24, 2012, through August 2, 2012; GPS data from Plaintiff Courtney's tractor-trailer from August 1, 2012; Plaintiff Courtney's TotalMail Message/Qualcomm history from July 24, 2012, through August 2, 2012; Plaintiff Courtney's personnel/employment file; Plaintiff Courtney's driving record; and Plaintiff Courtney's driver qualification file. (ECF No. 109 at 3.) Plaintiffs also state that they produced all maintenance records for Plaintiff Courtney's tractor and trailer; all annual inspection records for Plaintiff Courtney's trailer; and Plaintiff Kreilkamp Trucking, Inc.'s employee handbook. (*Id.*) Plaintiffs assert that, prior to Plaintiff Courtney's October 22, 2015, deposition, they produced 11,759 pages of his medical records, which were later supplemented with an additional 536 pages. (*Id.* at 6.) Plaintiffs contend that they are not in possession of any medical records that have not already been produced to Defendants Prompt Logistics. (*Id.*)

The Court finds Defendants Prompt Logistics' arguments unavailing. This matter has been pending before the Court since September 27, 2013 (ECF No. 1), and counsel for

7

Defendants Prompt Logistics first became involved on February 20, 2014, after requesting that the default judgment entered against Defendants Prompt Logistics be set aside. (ECF No. 30.) Defendants Prompt Logistics' argument that they "[were] brought into the lawsuit after the parties exchanged some discovery," (ECF No. 107 at 14), is, at best, disingenuous. Indeed, the initial scheduling conference was held on February 28, 2014, (ECF No. 39), after counsel for Defendants Prompt Logistics became involved, and the initial scheduling order, which provided that discovery was to be completed by December 19, 2014, was entered on March 10, 2014, (ECF No. 44).

After entering the initial scheduling order, the Court extended the discovery three additional times when the parties filed joint motions. The Court extended the discovery deadline until March 19, 2015 (ECF No. 88), May 18, 2015 (ECF No. 90), and July 18, 2015 (ECF No. 96). When Defendants Prompt Logistics filed a motion for a fourth extension, Plaintiffs opposed the motion, stating that Defendants Prompt Logistics "failed to take advantage of the multiple extension, and did not undertake any discovery" (ECF No. 101 at 2). In granting Defendants Prompt Logistics' motion, the Court stated that "[t]he Court expects the parties to complete fact discovery by 9/18/2015 *with no additional requests to extend discovery*." (ECF No. 102 (emphasis added).)

Despite the Court's clear Order, Defendants Prompt Logistics did not send their first set of discovery requests to Plaintiff Kreilkamp Trucking, Inc. until August 19, 2015, over fourteen months after Plaintiff Kreilkamp Trucking, Inc. "submitted incomplete responses" to Defendant Freightlion Logistics, LLC's requests. (ECF No. 107 at 7.) Defendants Prompt Logistics then waited until September 18, 2015, the day of the

8

discovery deadline, to send supplemental discovery requests to Plaintiff Kreilkamp Trucking, Inc. and to send their first set of discovery requests to Plaintiff Courtney. (*Id.* at 10.) While Defendants Prompt Logistics' made their requests before the discovery deadline, their instant motion would require the Court to extend the discovery deadline a fifth time and would reward Defendants Prompt Logistics' failure to undertake discovery in this matter. In exercising its discretion, and in following its July 17, 2015, Order and well-settled law, the Court will deny Defendants Prompt Logistics' request to extend the discovery deadlines. *See, e.g.*, *Reisinger v. City of Wilkes-Barre*, 520 F. App'x 77, 81 (3d Cir. 2013) (affirming the denial of a motion to extend the discovery deadline for a fourth time because the plaintiff introduced "scheduling difficulties" that interfered with "the efficient administration of justice"); *Nowell v. Reilly*, 437 F. App'x 122, 125 (3d Cir. 2011) (affirming the denial of a motion to compel where the plaintiff filed a request for production of documents "only nineteen days before the close of discovery"). *See also Summy-Long v. Pa. State Univ.*, No. 1:06-CV-1117, 2015 U.S. Dist. LEXIS 138247, at *14 (M.D. Pa. Oct. 9, 2015) (denying motion to compel where "Plaintiff waited until the very last of the discovery period to attempt to compel Defendants to produce an overbroad swathe of documents"); *Njos v. United States*, No. 3:12-CV-1252, 2015 U.S. Dist. LEXIS 118910, at *8 (M.D. Pa. Sept. 8, 2015) (denying motion for additional discovery and an extension of the discovery deadlines and explaining that the matter "has now been litigated for three years").

The Court further notes that Defendants Prompt Logistics did not file their motion to compel until December 7, 2015, nearly three months after the discovery deadline had

9

expired. (ECF No. 107.) Defendants Prompt Logistics offer no reasons or case law explaining why the Court should ignore their delay. Eleven days after filing their motion to compel, Defendants Prompt Logistics filed a motion for summary judgment (ECF No. 113), which they later withdrew (ECF No. 117). *See, e.g.*, *Summy-Long*, 2015 U.S. Dist. LEXIS 138247, at *15 (explaining that "[w]ith summary judgment motions looming," granting the motion to compel would "violate Federal Rule of Civil Procedure 1's guarantee of a 'just, speedy, and inexpensive determination of every action'"); *Wheeler v. Corbett*, No. 3:11-CV-92, 2015 U.S. Dist. LEXIS 109326, at *2 (M.D. Pa. Aug. 19, 2015) (denying motion to compel that was filed two weeks after the discovery deadline and explaining that "there was already pending before the court a potentially dispositive summary judgment motion"). *See also Finizie v. Shineski*, 351 Fed. App'x 668, 672 n.7 (3d Cir. 2009) (affirming denial of a motion to compel that was filed at least two weeks "after discovery had closed"); *Bryan v. United States*, No. 10-CV-66, 2012 U.S. Dist. LEXIS 152668, at *16 (D.V.I. Oct. 24, 2012) (denying motion to compel filed after the discovery deadline because "although plaintiffs claim to have continuously complained about discovery deficiencies, the fact is they simply failed to file their motions in anything resembling a timely manner, and they give no sufficient reason why the motions could not have been filed sooner"); *Am. Bd. of Internal Med. v. Von Muller*, No. 10-CV-2680, 2012 U.S. Dist. LEXIS 94436, at *40 (E.D. Pa. July 9, 2012) (noting that the court denied the defendant's motion to compel because it was filed "the same day on which discovery finally closed" and explaining that "Defendant was free to obtain this information through another source or through another channel; we merely denied her very belated request to compel

the plaintiff to produce it"); *Jones v. Pugh*, No. 3:10-CV-359, 2011 U.S. Dist. LEXIS 126846, at *7 (M.D. Pa. Oct. 6, 2011) (recommending that the plaintiff's motion to compel be denied because it was filed over three months after the extended discovery deadline had expired).

The Court similarly finds Defendants Prompt Logistics' argument that they expected Defendant Freightlion Logistics, LLC "to take the lead" meritless. (ECF No. 107 at 14.) Such an argument does not demonstrate good cause for Defendants Prompt Logistics' failure to seek discovery. Moreover, given that Defendants Prompt Logistics have filed a cross-claim against Defendant Freightlion Logistics, LLC (ECF No. 52), it would be unreasonable for Defendants Prompt Logistics to expect Defendant Freightlion Logistics, LLC to conduct all discovery in this matter. *See* FED. R. CIV. P. 26(b)(2)(C)(ii) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."); *see also Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, No. 09-CV-290, 2013 U.S. Dist. LEXIS 27221, at *8 (W.D. Pa. Feb. 28, 2013) ("Motions to Compel filed after the discovery deadline are untimely and prohibited, absent good cause."); *Jiminez v. Pepsico Foods Caribbean*, No. 10-CV-74, 2011 U.S. Dist. LEXIS 116100, at *8 (D.V.I. Oct. 6, 2011) (denying appeal where the magistrate judge denied the plaintiff's motion to compel because he "conducted essentially no discovery" during the discovery period and filed his motion to compel three weeks after the extended discovery deadline had expired); *Muniz v. Price*, No. 3:10-CV-345, 2010 U.S. Dist. LEXIS 117108, at *5 (M.D. Pa. Nov. 3, 2010) ("[W]here a party has submitted an

untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request."); *Graham v. Progressive Direct Ins. Co.*, No. 09-CV-969, 2010 U.S. Dist. LEXIS 96324, at *27 (W.D. Pa. Sept. 15, 2010) (explaining that carelessness or attorney error is insufficient to constitute good cause).

Finally, the Court notes that Defendants Prompt Logistics request that Plaintiffs be ordered to produce the following: records related to the maintenance of the tractor and trailer involved in the accident; documents regarding the training and supervision of Plaintiff Courtney and other drivers; Plaintiff Kreilkamp Trucking, Inc.'s policies and procedures; records of the retention of drivers by Plaintiff Kreilkamp Trucking, Inc.; records of the driving and accident history of Plaintiff Kreilkamp Trucking, Inc.'s drivers; citations and penalties issued to Plaintiff Kreilkamp Trucking, Inc. for violations of federal and state regulations as to driver fitness, vehicle maintenance, and driver training; the shipping records for the cargo that Plaintiff Courtney was carrying at the time of the accident; and Plaintiff Courtney's medical records. (ECF No. 107 at 9, 11, 14; ECF No. 112-1 at 3.) Plaintiffs assert that they have already produced many of these requested items. (*See* ECF No. 109.) Additionally, while Defendants Prompt Logistics' failure to comply with the Court's discovery deadlines is a sufficient basis upon which to deny their motion, the Court further finds that Defendants Prompt Logistics' requests are overbroad and unduly burdensome. *See, e.g., Summy-Long*, 2015 U.S. Dist. LEXIS 138247, at *14 (denying motion to compel where "Plaintiff waited until the very last of the discovery period to attempt to compel Defendants to produce an overbroad swathe of documents"); *Wheeler*, 2015 U.S. Dist. LEXIS 109326, at *11 (denying motion to compel that was filed two

weeks after the discovery deadline and explaining that the requests were also "fatally overbroad" because they were "global in the breadth" and "unmoored to any temporal or topical limitations").

### B. Defendants Prompt Logistics' Motion to Compel Deposition Documents and to Continue Rule 30(b)(6) Depositions

Defendants Prompt Logistics request that Plaintiffs be ordered to produce documents related to their questioning at the Rule 30(b)(6) deposition of Kreilkamp Trucking, Inc.'s representatives. They also seek permission to continue the depositions of Plaintiffs as to documents that were not produced. In support thereof, Defendants Prompt Logistics assert that at his July 13, 2015, deposition, Timothy Kreilkamp, the president of Kreilkamp Trucking, Inc., had no knowledge of most of the topics included in their Federal Rule of Civil Procedure 30(b)(6) notice. (ECF No. 107 at 7.) Specifically, Defendants Prompt Logistics claim that Timothy Kreilkamp was unaware of the following: the details of Plaintiff Courtney's trip on August 2, 2012; written safety policies and procedures; written maintenance policies; Kreilkamp Trucking, Inc.'s procedures for investigating accidents and claims; the training that Plaintiff Courtney received; and documentation regarding the training of Kreilkamp Trucking, Inc.'s drivers. (*Id.* at 7-8.)

On August 26 and 27, 2015, Defendants Prompt Logistics deposed Kreilkamp Trucking, Inc. representatives Amanda Kreilkamp Kirk, Michael Kreilkamp, and Donald Volk. (*Id.* at 8-9.) Defendants Prompt Logistics assert that all three representatives were unable to answer many questions because they needed to reference documents that were responsive to the outstanding discovery requests but were not provided at their

13

depositions. (*Id.* at 9.) They contend that they were prejudiced at the Rule 30(b)(6) depositions because they did not have access to the pertinent materials for questioning. (*Id.* at 15.) Defendants Prompt Logistics request the production of the following: records detailing the maintenance of the tractor-trailer involved in the accident; documents related to the training and supervision of Plaintiff Courtney; Plaintiff Kreilkamp Trucking, Inc.'s policies and procedures; shipping records of the cargo that Plaintiff Courtney was carrying at the time of the accident; records of past accidents involving Plaintiff Kreilkamp Trucking, Inc.'s vehicles and drivers, including rear-end accidents and accidents resulting in injuries and/or fatalities; and Plaintiff Courtney's complete medical records. (*Id.* at 9, 11.)

For the same reasons discussed above, the Court finds Defendants Prompt Logistics' arguments meritless. *See supra* Part V.A.; *see also James v. Osmose, Inc.*, No. 14-CV-64, 2015 U.S. Dist. LEXIS 168566, at *12 (D.V.I. Dec. 17, 2015) (denying motion to compel further deposition testimony because it was filed thirteen days after the discovery deadline had expired); *La. Counseling & Family Servs. v. Mt. Fugi Japanese Rest.*, No. 08-CV-6143, 2013 U.S. Dist. LEXIS 62145, at *7 (D.N.J. May 1, 2013) (denying motion to compel depositions because "[n]ot only did defendant wait years to try and take plaintiff's deposition, but defendant did not file its motion to compel until three months after the fact discovery deadline expired"); *Muniz*, 2010 U.S. Dist. LEXIS 117108, at *7 (denying motion to take depositions that was filed two weeks after the discovery deadline as "fatally flawed because it is untimely"). Along with its reasoning regarding Defendants Prompt Logistics' inexcusable delay in conducting discovery and in filing their motion to

compel, the Court notes that Plaintiffs state that they produced the following after Timothy Kreilkamp's July 13, 2015, deposition: Plaintiff Kreilkamp Trucking, Inc.'s practice statements concerning delivery exceptions, crash reporting, fuel spills response, product returns, sealed loads, warehouse procedures, winter driving, work-related injuries, Kohls deliveries, and fuel spill prevention; Plaintiff Kreilkamp Trucking, Inc.'s orientation checklist; and a list of PowerPoint subjects covered in instructional materials. (ECF No. 109 at 4.)

Additionally, the Court finds meritless Defendants Prompt Logistics' contention that Plaintiff Kreilkamp Trucking, Inc.'s 30(b)(6) representatives lacked knowledge of the deposition topics. In support of their argument that Timothy Kreilkamp was unprepared, Defendants Prompt Logistics have included nine pages of his deposition transcript, which is at least 109 pages in length. (*See* ECF No. 107-3 at 1-10.) Similarly, Defendants Prompt Logistics have included five pages of Ms. Kirk's deposition transcript, which is at least eighty-four pages in length. (*See* ECF No. 107-7 at 1-6.) Defendants Prompt Logistics have included two pages of Michael Kreilkamp's deposition transcript, which is at least fifty-two pages in length. (*See* ECF No. 107-8 at 1-3.) Defendants Prompt Logistics have included five pages of Mr. Volk's deposition transcript, which is at least ninety-five pages in length. (*See* ECF No. 107-9 at 1-6.) The fact that Plaintiff Kreilkamp Trucking, Inc.'s 30(b)(6) representatives did not have answers to every question that Defendants Prompt Logistics posed at the depositions does not warrant a continuation of the depositions. *See, e.g., Suomen Colorize Oy v. Verizon Servs. Corp.*, No. 12-CV-715, 2013 U.S. Dist. LEXIS 150992, at *5 (D. Del. Oct. 15, 2013) ("Although a Rule 30(b)(6) deponent must be properly

prepared pursuant to the Rule's dictates, he need not have perfect responses to each question, nor a clairvoyant ability to predict every single question that may be posed.") (internal quotations omitted); *Henrik Klinge Retained Trust v. Triumph Apparel Corp.*, No. 1:09-CV-1812, 2012 U.S. Dist. LEXIS 10194, at *18 (M.D. Pa. Jan. 27, 2012) ("There are instances throughout the relatively short deposition where [the Rule 30(b)(6) representative] represented that he did not know the answer to a particular question, but we do not find his conduct during the deposition to have been evasive, misleading, obstructionist, or false."); *Graco, Inc. v. PMC Global, Inc.*, No. 08-CV-1304, 2011 U.S. Dist. LEXIS 24252, at *37, 47-50 (D.N.J. Feb. 14, 2011) (explaining that "Rule 30(b)(6) places the burden upon the deponent to make a conscientious good faith endeavor to designate the persons having knowledge of the matters sought" and finding that although the representative was uncertain when asked some questions, the plaintiff "made a good faith endeavor to designate and prepare an appropriate witness") (internal quotations omitted); *Costa v. County of Burlington*, No. 07-CV-904, 2008 U.S. Dist. LEXIS 56266, at *10-11 (D.N.J. June 27, 2008) ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness.").

    C.    **Defendants Prompt Logistics' Request for an Adverse Inference**

Defendants Prompt Logistics request that they be granted negative inferences against Plaintiffs as to Plaintiff Kreilkamp Trucking, Inc.'s lack of training, improper maintenance and lack of inspections of vehicles; and failure to properly supervise its drivers. (ECF No. 107 at 15.) Defendants Prompt Logistics provide no legal authority to

16

support their request. Moreover, because the Court will deny Defendants Prompt Logistics' motion, an adverse inference against Plaintiffs is not warranted. *See, e.g.*, *Graco, Inc. v. PMC Global, Inc.*, No. 08-CV-1304, 2011 U.S. Dist. LEXIS 30980, at *120 (D.N.J. Mar. 24, 2011) (declining the defendant's request to adopt negative inferences).

### D. Defendants Prompt Logistics' Request for an Extension of Deadlines

Defendants Prompt Logistics request a thirty-day extension of fact and expert discovery deadlines and motion deadlines. (ECF No. 107 at 16.) As discussed above, the Court will deny Defendants Prompt Logistics' motion to extend fact discovery. The Court's October 30, 2015, Final Scheduling Order provided that expert reports were to be provided to Plaintiffs by December 15, 2015; the expert reports of all other parties were to be provided by January 15, 2016; all expert discovery was to be completed by February 15, 2016; motions for summary judgment were to be filed by March 15, 2016; and the nonmoving party's response to the motion for summary judgment are to be filed by April 30, 2016. (ECF No. 106 at 1-2.)

Defendants Prompt Logistics now contend that the parties mutually agreed to extend deadlines by thirty days, with expert discovery to be completed by March 15, 2016; motions for summary judgment to be filed by April 14, 2016; and responses to motions for summary judgment to be filed by May 30, 2016. (ECF No. 119 at 2.) Plaintiffs, however, assert that the parties agreed only to extend Defendants Prompt Logistics' expert discovery deadline of January 15, 2016, by thirty days. (ECF No. 122 at 3.) The parties failed to advise the Court of any such agreements to extend the deadlines set forth in the Court's Final Scheduling Order. Accordingly, in light of the parties' failure to advise the

17

Court of their agreement, and given that several of the deadlines contained in the parties' agreement have already passed, the deadlines are as follows: all expert reports of the parties shall be provided by April 14, 2016; all expert discovery shall be completed by April 14, 2016; motions for summary judgment shall be filed by April 28, 2016; the nonmoving party's response to the motion for summary judgment shall be filed by June 13, 2016. No further extensions will be granted in this matter.

**VI.    Conclusion**

For the reasons stated above, the Court will deny Prompt Logistics' motion to compel discovery.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EDDIE L. COURTNEY, JR. and KREILKAMP TRUCKING, INC., | ) ) ) | CIVIL ACTION NO. 3:13-227 |
|---|---|---|
| Plaintiffs, | ) ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| YURIY IVANOV; et al., | ) ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 6th day of April, 2016, upon consideration of the motion to compel (ECF No. 107) filed by Defendants Prompt Logistics (USA) and Prompt Logistics (Canada), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Prompt Logistics' motion is **DENIED** as follows:

(1) Defendants Prompt Logistics' request to compel Plaintiffs to provide complete responses to their discovery requests is **DENIED**.

(2) Defendants Prompt Logistics' request to compel Plaintiffs to produce documents related to their questioning at the Federal Rule of Civil Procedure 30(b)(6) depositions of Plaintiff Kreilkamp Trucking, Inc.'s representatives is **DENIED**.

(3) Defendants Prompt Logistics' request to continue the Federal Rule of Civil Procedure 30(b)(6) depositions of Plaintiff Kreilkamp Trucking, Inc.'s representatives is **DENIED**.

(4) Defendants Prompt Logistics' request for adverse inferences against Plaintiffs is **DENIED**.

(5) The deadlines contained in the Court's Final Scheduling Order (ECF No. 106) are amended as follows:

    a. All expert reports of the parties shall be provided by April 14, 2016.

    b. All expert discovery shall be completed by April 14, 2016.

    c. Motions for summary judgment shall be filed by April 28, 2016.

    d. The nonmoving party's response to the motion for summary judgment shall be filed by June 13, 2016.

**IT IS FURTHER ORDERED** that no further extensions will be granted in this matter.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE